UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
FRANCIS T. MCGUIRE,                             Chapter 7
          DEBTOR.                     Case No. 13-14412-WCH

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the "Trustee's Objection to Homestead Exemption" (the "Objection") filed by Donald Lassman (the "Trustee"), Chapter 7 trustee of the estate of Francis T. McGuire (the "Debtor"), and the Debtor's response thereto (the "Response"). The Trustee objects to the Debtor claiming an exemption in a "homestead right" on certain real property owned by his non-debtor spouse, asserting that the protection afforded to non-titled family members by Massachusetts Homestead Statute[1] does not constitute property of the estate. For the reasons set forth below, I will overrule the Objection.

**II. BACKGROUND**

The facts are not in dispute. On or about July 29, 2004, the Debtor and Roberta Libby ("Libby") acquired real property at 317 Airline Road in Dennis, Massachusetts (the "Airline Road Property") as joint tenants. On the same date, Libby recorded a Declaration of Homestead pursuant to Mass. Gen. Laws ch. 188 § 1 (the "Massachusetts Homestead Statute"). On February 1, 2007, the Debtor and Libby married. Both before and after they married, the Debtor and Libby occupied the Airline Road Property as their principal residence.

---

[1] Mass. Gen. Laws ch. 188, § 1 *et seq*.

1

On December 16, 2008, the Debtor and Libby sold the Airline Road Property. The sale produced net proceeds in the amount of $111,490.13. On the same date, Libby acquired Unit 4-1 at 59 Main Street in Dennis, Massachusetts ("Unit 4-1"). The deed to Unit 4-1 was solely in her name. Libby paid the purchase price using $89,001.09 in cash from the proceeds of the Airline Road Property, $5,000.00 from savings, and $130,000.00 financed from a mortgage loan with GMAC Mortgage, LLC.[2]

The Debtor was not a party to the loan or mortgage securing the loan. Nevertheless, he concedes that he transferred his share of the proceeds from the sale of the Airline Road Property to Libby to purchase Unit 4-1. Since its purchase, the Debtor and Libby have lived at Unit 4-1 as their principal residence. On February 19, 2009, Libby recorded a Declaration of Homestead with respect to Unit 4-1 pursuant to Mass. Gen. Laws ch. 188 § 1 in the Barnstable Land Court Registry.

The Debtor filed a voluntary Chapter 7 petition on July 24, 2013. On his original "Schedule A – Real Property" ("Schedule A") and "Schedule C – Property Claimed As Exempt" ("Schedule C") filed on August 8, 2013, the Debtor did not reference Unit 4-1. On October 14, 2013, the day before the last scheduled continuance of the meeting of creditors held pursuant to 11 U.S.C. § 341(a), the Debtor filed amended schedules A and C ("Amended Schedule A" and "Amended Schedule C," respectively). On Amended Schedule A, the Debtor listed an interest in Unit 4-1 in an unknown amount, which he described as "equitable/homestead as spouse of title holder."[3] On Amended Schedule C, the Debtor claimed the "equitable/homestead interest" in

---

[2] It is unclear whether the deposit was obtained from Libby's savings, the Debtor's savings, or both.

[3] Amended Schedule A, Docket No. 27-2.

Unit 4-1 as exempt pursuant to Mass. Gen. Laws ch. 235, § 34(14).[4] The Debtor listed the value of the exemption as "unknown."[5]

On October 28, 2013, the Trustee filed the Objection, to which the Debtor responded on December 9, 2013. I conducted a hearing on the Objection on December 13, 2013, at which time the Debtor explained that the purpose of Amended Schedule A and Amended Schedule C was to address an impending fraudulent transfer action filed by the Trustee to recover the Debtor's portion of the sale proceeds from the Airline Road Property.[6] At the conclusion of the hearing, I took the matter under advisement.

### III. POSITIONS OF THE PARTIES

A. The Trustee

The Trustee argues, without legal citation, that the Debtor's "homestead right"—his right to use, occupy, and enjoy Unit 4-1—does not constitute property of the estate and may not be claimed as exempt. In support, the Trustee presses three points. First, he contends that the Massachusetts Homestead Statute only protects a home against the owner's creditors, and not those of an untitled family member. Second, the Trustee asserts that because the Debtor has no legal or beneficial interest in Unit 4-1, his creditors cannot levy and execute on his homestead right. Finally, he posits that the Debtor's homestead right cannot be property of the estate because it derives solely from and is subordinate to Libby's estate of homestead. Indeed, the Trustee suggests that because the Debtor's rights spring from a non-debtor's homestead, I lack core jurisdiction over the Debtor's exemption.

---

[4] Amended Schedule C, Docket No. 27-2.

[5] *Id.*

[6] Trans. Dec. 13, 2013 at 3:25; 4:1-11.

3

B. <u>The Debtor</u>

In support of his claim of exemption, the Debtor first notes that pursuant to Mass. Gen. Laws ch. 188, § 5(d), Libby's first homestead declaration on the Airline Road Property automatically extended to the Debtor upon their subsequent marriage. Next, relying on Mass. Gen. Laws ch. 188, § 11(a), the Debtor asserts that the proceeds of the sale of the Airline Road Property remained exempt, entitling him to dispose of his share as he wished. In this case, he transferred that share to Libby, who then used those funds to purchase a replacement residence. Therefore, the Debtor concludes, as a family member of the title holder who contributed exempt funds to acquire Unit 4-1, "any interest [he] may possess in the property is exempt, by reason of statute or equity."[7]

## IV. <u>DISCUSSION</u>

Under 11 U.S.C. § 522(l), exemptions listed on Schedule C are presumptively valid in the absence of an objection.[8] Therefore, Fed. R. Bankr. P. 4003(c) places the burden to prove that an exemption is not properly claimed on the objecting party.[9] Furthermore, "[p]ublic policy dictates that exemption laws . . . should be liberally construed to comport with their beneficent spirit."[10]

Rights to exemptions are fixed as of the date of the petition.[11] Under 11 U.S.C. § 522(b), "an individual debtor may exempt from property of the estate the property listed in . . . paragraph (3) of this subsection," which allows a debtor to claim the exemptions provided for under

---

[7] Response, Docket No. 37 at ¶ 9.

[8] 11 U.S.C. § 522(l) ("Unless a party in interest objects, the property claimed as exempt on such list is exempt.").

[9] Fed. R. Bankr. P. 4003(c). *See Shamban v. Perry (In re Perry)*, 357 B.R. 175, 178 (B.A.P. 1st Cir. 2006).

[10] *Dwyer v. Cempellin*, 424 Mass. 26, 29 (1996).

[11] 11 U.S.C. § 522(b)(3)(A).

4

applicable state law.[12]  Here, the Debtor invoked Mass. Gen. Laws ch. 235, § 34(14), which recognizes a debtor's right to exempt from seizure "[e]states of homestead as defined in chapter 188."[13]  Pursuant to Mass. Gen. Laws ch. 188, § 3, "[a] homestead declaration shall benefit each owner making the declaration and that owner's family members who occupy or intend to occupy the home as their principal residence."[14]  That section further defines "[t]he homestead rights of non-titled family members" as "consist[ing] of the right to use, occupy and enjoy the home as their principal residence."[15]

Based upon the above quoted portion of the Massachusetts Homestead Statute, it is abundantly clear that the Debtor, as the spouse of the declaring owner, has the defined "homestead rights" of a non-titled family member in Unit 4-1.  Therefore, the question presented by the current procedural posture is whether these "homestead rights" are appropriately scheduled and claimed as exempt, but the answer appears to be completely inconsequential.[16]  Regardless of whether the Debtor may schedule and claim as exempt his "homestead rights," he will enjoy them all the same.  Assuming, *arguendo*, that the Trustee is correct and they do not amount to a property interest, then there is nothing for the Debtor's creditors to attach anyway.  Alternatively, if the "homestead rights" are an interest in property, they are nonetheless protected from seizure by the Massachusetts Homestead Statute.

---

[12] 11 U.S.C. § 522(b)(1), (3)(A).

[13] Mass. Gen. Laws ch. 235, § 34(14).

[14] Mass. Gen. Laws ch. 188, § 3(a).

[15] *Id.*

[16] The Debtor's arguments focused on tracing the funds used to purchase Unit 4-1, but the nature of the interest disclosed on Amended Schedule A and claimed as exempt on Amended Schedule C is no more than what Mass. Gen. Laws ch. 188, § 3 expressly protects, i.e. "homestead rights."  Therefore, the nature of the funds used to purchase Unit 4-1 is irrelevant to the issue before me at this juncture.  I express no opinion on the Trustee's likelihood of success with respect to any yet to be commenced fraudulent conveyance action against Libby.

While it may be of no practical concern, the technical question raised by the Objection remains and must be resolved. The Trustee contends that the Debtor's "homestead rights" are not property of the estate, and thus cannot be claimed as exempt from property of the estate. Nevertheless, 11 U.S.C. § 541(a) provides that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[17] As recognized by the Supreme Court of the United States in *United States v. Whiting Pools, Inc.*, "Congress intended a broad range of property to be included in the estate."[18] Without a doubt, the Debtor's right to use, occupy, and enjoy the Unit 4-1 as a principal residence is non-transferrable, subordinate to the owner's interest, and subject to termination outside of his control. Still, these limited rights nonetheless may be fairly characterized as an equitable interest. For this reason, I am inclined to permit the Debtor to schedule and exempt his "homestead rights," as it errs on the side of caution and prejudices no one.

---

[17] 11 U.S.C. § 541(a)(1).

[18] *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204, 103 S. Ct. 2309, 2313, 76 L. Ed. 2d 515 (1983).

## V. CONCLUSION

In light of the foregoing, I will enter an order overruling the Objection.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: January 15, 2014

Counsel Appearing:

    Jeffrey J. Cymrot, Sassoon & Cymrot LLP, Boston, MA,
        for the Trustee
    Rebecca L. Moore, Law Office of Rebecca L. Moore, Sandwich, MA,
        for the Debtor